## **Exhibit B**

(Donato Declaration)

17811281.4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 24-10531 (REL) |
| PRIME CAPITAL VENTURES, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

### DECLARATION OF STEPHEN A. DONATO IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF <u>BOND, SCHOENECK & KING, PLLC AS COUNSEL TO THE DEBTOR</u>

Pursuant to 28 U.S.C. § 1746, I, Stephen A. Donato, declare under penalty of perjury that the following is true and correct to the best of my information, knowledge and belief:

1. I am a member of the law firm of Bond, Schoeneck & King, PLLC ("<u>Bond</u>"), with offices at One Lincoln Center, Syracuse, New York 13202. I am admitted to practice law in the State of New York and before the bar of this Court. Bond is a firm of approximately 300 attorneys in fifteen offices located in cities across New York and in Florida, Kansas, Massachusetts and New Jersey.

2. I am duly authorized to make and submit this Declaration on behalf of Bond in accordance with section 329 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Northern District of New York (the "<u>Local Rules</u>") in connection with the application of Paul A. Levine (the "<u>Receiver</u>") as receiver of Prime Capital Ventures, LLC (the "<u>Debtor</u>"), for

17811281.4

an order authorizing the Debtor to employ and retain Bond as counsel to the Debtor effective as May 14, 2024 (the "Application").[2]

3.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

4.  The Debtor engaged Bond to act as its bankruptcy and restructuring counsel in the above-captioned case (the "Chapter 11 Case"). Bond would provide, as part of this engagement, legal services relating to the day-to-day administration of the Debtor's Chapter 11 Case and the myriad issues that may arise in this case, including, without limitation, the following services:

   a.  advising the Debtor regarding its function and duties as a debtor in possession;

   b.  assisting in the preparation of the Debtor's schedules of assets and liabilities and statement of financial affairs;

   c.  negotiations with all creditors;

   d.  examinations of liens against property of the estate;

   e.  negotiations with taxing authorities, if necessary;

   f.  representing the Debtor in proceedings and hearings in the United States District and Bankruptcy Courts for the Northern District of New York;

   g.  preparing and filing on behalf of the Debtor all necessary applications, motions, orders, reports, complaints, answers and other pleadings and documents in the administration of the estate herein;

   h.  taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, negotiations in connection with any litigation in which the Debtor is involved, and objections to claims filed against the Debtor's estate;

   i.  providing assistance, advice and representation concerning the confirmation of any proposed plan(s) and solicitation of any acceptances or responding to rejections of such plan(s);

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2

17811281.4

    j.  providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtor that may be required under local, state or federal law;

    k.  providing counsel and representation with respect to assumption or rejection of executory contracts and leases, sales of assets and other bankruptcy-related matters arising from this Chapter 11 Case;

    l.  advising the Debtor regarding all legal matters arising during the Chapter 11 Case, including, but not limited to, corporate, finance, intellectual property, tax and commercial matters; and

    m.  all other pertinent and required representation in connection with the provisions of the Bankruptcy Code.

  5.  Prior to the Petition Date, the Debtor paid Bond $58,768.50 for legal services rendered directly in connection with the preparation of this Chapter 11 Case.

  6.  Prior to the preparation of this Chapter 11 Case, the Debtor consulted extensively with Bond with respect to, among other things, the review and analysis of its assets and liabilities, as well as identification of possible strategies for financial restructuring. Through such consultations and during the preparation of this Chapter 11 Case, Bond has become familiar with the Debtor's business and legal affairs.

  7.  Other than as disclosed herein, Bond has no connection with the creditors or any other party in interest or their respective attorneys or accountants, except that Bond may have in the past, may currently, and may again in the future, represent certain creditors of the Debtor with respect to matters unrelated to the Debtor. Bond is not general counsel to any such creditor, but rather is retained on case-specific matters. Bond has not represented or been requested to represent or consult with any prior or existing client with regard to the Debtor. Bond has used its best efforts to determine such representation and will supplement the disclosure if additional information regarding same is discovered.

3

17811281.4

8. To the best of my knowledge, Bond does not hold or represent any interest adverse to the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Bankruptcy Judges for the Northern District of New York, the United States Trustee for Region 2 or any person employed in the Office of the United States Trustee in connection with this Chapter 11 Case.

9. Prior to the Petition Date, Bond received a retainer in the amount of $39,493.50, to be held and applied to post-petition services provided to the Debtor, subject to prior approval of the Bankruptcy Court. No amounts are owing to Bond for prepetition services, and Bond is a disinterested person in accordance with 11 U.S.C. § 101(14).

10. There has been no agreement for the sharing or division of compensation earned or to be earned in this proceeding which is prohibited by 18 U.S.C. § 155 or 11 U.S.C. § 504.

11. The terms of Bond's retention will be governed by the terms set forth in the Application, this Declaration and the Order of the Court. Bond intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules and general orders of this Court, guidelines established by the United States Trustee and/or such other procedures as may be fixed by order of the Court. Subject to the Court's approval, Bond will charge for its legal services on an hourly basis in accordance with its standard hourly rates in effect on the date such services are rendered, and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. The range of hourly rates for timekeepers who Bond anticipates will provide services in connection with this representation is from $150.00 to $550.00 per hour, subject to increase annually.

12. Bond shall also charge the Debtor for all disbursements and other expenses incurred in representing the Debtor in all facets of this case.

13. Bond also respectfully requests that any Order entered by the Court approving the retention of Bond as counsel to the Debtor be effective, as of the May 14, 2024 Petition Date.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2024

                                        /s/ Stephen A. Donato
                                        Stephen A. Donato