UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

PRIME CAPITAL VENTURES, LLC,                     Case No. 24-10531
                                                 Chapter 11
                    Debtor.
_____

## APPLICATION FOR ORDER
## AUTHORIZING THE EMPLOYMENT AND RETENTION OF
## BST & CO. CPAS, LLP, AS THE FINANCIAL ADVISOR TO THE DEBTOR

Paul A. Levine, Esq., the receiver (the "Receiver") for Prime Capital Ventures LLC (the "Debtor"), respectfully submits this application (this "Application") for the entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing the Debtor to employ and retain BST & Co. CPAs, LLP ("BST"), as the financial advisor[1] to the Debtor, effective as of May 14, 2024, pursuant to sections 327, 328, 330, and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the Northern District of New York (the "Local Rules").  In support of this Application, the Receiver submits the *Declaration of Sareena Sawhney*, dated June 4, 2024 (the "Sawhney Declaration"), attached hereto as *Exhibit B*, and respectfully represents as follows:

### BACKGROUND

1.      On January 24, 2024, the United States District Court for the Northern District of New York appointed Paul A. Levine to act as the receiver with, among other things, exclusive dominion and control over all of the assets, books and records, operations, and business affairs of

---

[1] The term "financial advisor" relates to BST's performance of forensic accounting and related expert services as detailed in this Application.

17817583.3

the Debtor. *See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC et. al.*, Case no. 24-cv-00055 [Docket No. 56] (MAD/DJS) (N.D.N.Y 2024).

2. On May 14, 2024 (the "Petition Date"), the Receiver filed a voluntary petition on behalf of the Debtor for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (this "Court"), commencing the Debtor's chapter 11 case (this "Chapter 11 Case").

3. The Receiver continues to manage the Debtor's affairs. No request for a trustee or examiner has been made in this Chapter 11 Case, and as of the date of this filing, no official Receivers have been appointed or designated.

4. More detailed information regarding the Debtor's history, business operations, and the events leading up to this Chapter 11 Case is set forth in the *Declaration of Paul A. Levine Regarding the Debtor's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, which was filed on the Petition Date and is incorporated herein by reference [Docket No. 5].

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The statutory and rule-based predicates for the relief requested herein are sections 328, 330, and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1.

**RELIEF REQUESTED**

9.      By this Application, the Debtor seeks the entry of an order, substantially in the form attached hereto as *Exhibit A*, pursuant to sections 327(a), 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of BST, effective as of the Petition Date.

### A. Debtor's Need for a Financial Advisor

10.     The Debtor requires the services of an experienced financial advisor to assist the Receiver in his analysis of the complex financial and economic issues raised in this Chapter 11 Case.  The Debtor also requires BST to conduct a forensic investigation into its prepetition business practices, as well as its current and historical books and records to, among other things, identify and trace funds and assets, including any potentially diverted assets that may be recovered for the benefit of the estate.  The Debtor respectfully submits that the services of a forensic financial advisor are necessary to effectively administer this Chapter 11 Case.

11.     The Debtor selected BST because BST has specialized knowledge in identifying, valuing, tracing, and evaluating complex transactions in bankruptcy proceedings.  Additionally, BST is a well-recognized advisory consulting and expert services firm offering forensic accounting, risk mitigation, dispute resolution, expert witness, and litigation support services, with highly trained and experienced CPAs, MBAs, and financial advisors.

12.     Additionally, BST was retained by the Receiver prior to the Petition Date to conduct a forensic analysis into the Debtor's affairs, and as a result, BST has a working knowledge of the Debtor's history and business operation.

13.     Accordingly, the Debtor believes that BST is well-qualified to represent it in this Chapter 11 Case and to provide the Services (defined below) in a cost-effective, efficient, and timely manner.  BST has indicated a willingness to act on behalf of the Debtor and to subject

itself to the jurisdiction and supervision of the Court. Additionally, BST has advised the Debtor that it will coordinate its efforts with other retained professionals in this Chapter 11 Case so as to avoid unnecessary duplication or overlap of work.

### B. Services to Be Provided

14. The Debtor has requested that BST serve as its forensic accounting advisor and expert during this Chapter 11 Case to perform the following services (the "Services") on behalf of the Receiver:

> a. preparing cash flow projections, budgets, financial and strategic plans, periodic reporting, including monthly operating reports, and asset and liability analysis, and advising the Debtor on same;
>
> b. reviewing and assessing the pre-petition financial management of the Debtor's business;
>
> c. analyzing and assisting in negotiations concerning any proposed sale of the Debtor's assets;
>
> d. reviewing and/or preparing the financial information and analysis necessary for the proposal and confirmation of a plan of reorganization or liquidation and related disclosure statement;
>
> e. analyzing, reviewing, and monitoring the restructuring process, including, but not limited to an assessment of potential recoveries for general unsecured creditors through the forensic investigation of potential preference actions, certain prepetition transactions, fraudulent conveyances and /or managerial malfeasance;
>
> f. assisting counsel to the Debtor with the prosecution of motions, responses, and objections, as required by the Debtor; and
>
> g. providing such other assistance as the Debtor or its counsel may deem necessary that are consistent with the role of a financial advisor in this context and not duplicative of services provided by other professionals in this Chapter 11 Case.

### C. Professional Compensation

15. Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Receiver, "with the court's approval, may employ or authorize the employment of a professional

4

person under section 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

16. BST intends to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of the Court.

17. The range of hourly rates for timekeepers who BST anticipates will provide services in connection with this representation is from $120.00 to $500.00 per hour. The primary responsible BST professionals who will render services to the Receiver in this case are Sareena Sawhney, who has more than 25 years of financial advisory, investigative and forensic analysis experience, and Pauline Lew, who has more than 20 years of experience in among other things, valuation, forensic accounting, and litigation support. Other BST professionals may provide support as necessary. Ms. Sawhney's hourly rate is $400 and Ms. Lew's rate is currently $325 an hour. BST customarily adjusts their rates on a semi-annual basis beginning on January 1 and July 1 of each year.

18. The Debtor believes that BST's hourly rates are reasonable and comparable to those generally charged by financial advisory firms of similar stature to BST and for comparable engagements, both in and out of bankruptcy proceedings.

19. Subject to approval of this Court, BST will also apply for reimbursement of all reasonable out-of-pocket expenses (including reasonable travel and lodging expenses, telephone, facsimile and printing expenses, and other customary expenditures) incurred by BST in connection with the performance of the Services.

20. In accordance with section 504 of the Bankruptcy Code, BST has informed the Debtor that there is no agreement or understanding between BST and any other entity, other than an employee of BST, for the sharing of compensation received or to be received for services rendered in connection with this engagement.

**D. BST's Disinterestedness**

21. Based upon the Sawhney Declaration submitted herewith and subject to the disclosures made therein, BST has informed the Debtor that BST: (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and (b) does not hold or represent an interest adverse to the Debtor's estate.

22. The Debtor does not owe BST for any unpaid pre-petition invoices. Prior to the Petition Date, BST was paid $84,819.50 for forensic and bookkeeping services rendered in connection with the work associated with and leading up to the preparation of this Chapter 11 Case.

23. BST has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Sawhney Declaration, BST will promptly disclose such information to the Debtor, the Court, and the United States Trustee.

**BASIS FOR RELIEF**

24. Section 1103(a) of the Bankruptcy Code provides that the Receiver may "select and authorize the employment . . . of one or more . . . agents, to represent or perform services for [the Receiver]. 11 U.S.C. § 1103(a).

25. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all

6

17817583.3

of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

26. Based on the foregoing, the Debtor submits that it has satisfied the requirements of the Bankruptcy Code and the Bankruptcy Rules to support entry of an order authorizing the Debtor to employ and retain BST in this Chapter 11 Case.

27. The Debtor believes that the employment of BST would be in the best interests of its estate and desires to employ BST, effective as of the Petition Date, with compensation to be determined upon application to the Court.

**WHEREFORE**, the Debtor respectfully requests the entry of an order: (i) authorizing and approving the retention and employment of BST by the Debtor as its financial advisor; (ii) authorizing BST to be compensated at its blended hourly rate, as set forth herein, subject to applicable provisions of the Bankruptcy Code; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: June 4, 2024
      Albany, New York

                                      /s/ Paul A. Levine
                                      Paul A. Levine, Esq.
                                      Receiver of Prime Capital Ventures, LLC