*Exhibit B*

(Sawhney Declaration)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

PRIME CAPITAL VENTURES, LLC,                    Case No. 24-10531
                                                Chapter 11
                    Debtor.

**DECLARATION OF SAREENA SAWHNEY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BST & CO. CPAS, LLP, AS THE FINANCIAL ADVISOR TO THE DEBTOR**

Sareena Sawhney, having been duly sworn, hereby deposes and says as follows:

1.      I am an employee of BST & Co. CPAs, LLP ("BST"), a financial advisory firm specializing in, among other services, accounting services, business and asset valuation, forensic accounting, and litigation support.

2.      I hold the title Director at BST, and I am duly authorized to make and submit this Declaration on behalf of BST in connection with the *Application for Order Authorizing the Employment and Retention of BST & Co. CPAs, LLP as Financial Advisor to the Debtor* ("Application")[1] filed by Paul A. Levine, Esq., the receiver (the "Receiver") for Prime Capital Ventures LLC (the "Debtor"), the Debtor in the above captioned bankruptcy case (this "Chapter 11 Case"). Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify competently thereto.

3.      I have over 25 years of private sector financial consulting, advisory, and financial investigation experience. I have a Master of Business Administration in Finance, and I am a Certified Fraud Examiner, Master Analyst in Financial Forensics, and a Certified Anti-Money

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

17817583.3

Laundering Specialist, and my expertise includes forensic accounting, investigations, and disputes.

## Services To Be Rendered

4. The Debtor has requested that BST serve as its financial advisor[2] during this Chapter 11 case to perform the following services (the "Services") on behalf of the Debtor:

   a. preparing cash flow projections, budgets, financial and strategic plans, periodic reporting, including monthly operating reports, and asset and liability analysis, and advising the Debtor on same;

   b. reviewing and assessing the pre-petition financial management of the Debtor's business;

   c. analyzing and assisting in negotiations concerning any proposed sale of the Debtor's assets;

   d. reviewing and/or preparing the financial information and analysis necessary for the proposal and confirmation of a plan of reorganization or liquidation and related disclosure statement;

   e. analyzing, reviewing, and monitoring the restructuring process, including, but not limited to an assessment of potential recoveries for general unsecured creditors through the forensic investigation of potential preference actions, certain prepetition transactions, fraudulent conveyances and /or managerial malfeasance;

   f. assisting counsel to the Debtor with the prosecution of motions, responses, and objections, as required by the Debtor; and

   g. providing such other assistance as the Debtor or its counsel may deem necessary that are consistent with the role of a financial advisor in this context and not duplicative of services provided by other professionals in this Chapter 11 Case.

5. BST's professionals regularly serve as professionals in a variety of turnaround, restructuring and asset sale or acquisition transactions and they have extensive experience as financial advisors on similar issues both inside of and outside of bankruptcy reorganization

---

[2] The term "financial advisor" relates to BST's performance of forensic accounting and related expert services as detailed herein.

cases. BST is well qualified to provide its Services to the Debtor in a cost-effective, efficient, and timely manner.

6. Additionally, prior to the Petition Date, BST was paid $84,819.50 for forensic and bookkeeping services rendered in connection with the work associated with and leading up to the preparation of this Chapter 11 Case. However, the Debtor does not owe BST for any unpaid pre-petition invoices.

7. BST is willing to provide the Services to the Debtor and to subject itself to the jurisdiction and supervision of the Court. Additionally, BST has advised the Debtor that it will coordinate its efforts with other retained professionals in the Chapter 11 Case so as to avoid unnecessary duplication or overlap of work.

**Professional Compensation**

8. BST intends to apply to the Court for payment of compensation and reimbursement of fees and expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Orders of this Court. The range of hourly rates for timekeepers who BST anticipates will provide services in connection with this representation is from $120.00 to $500.00 per hour. My hourly rate is $400 and my colleague Pauline Lew's rate is currently $325 an hour. BST customarily adjusts their rates on a semi-annual basis beginning on January 1 and July 1 of each year.

9. I believe that the hourly rates to be charged by BST are comparable to those generally charged by financial advisory firms of similar stature to BST for comparable engagements, both in and out of court.

3

10. There is no agreement or understanding between BST and any other entity, other than an employee of BST for the sharing of compensation received or to be received for services rendered in connection with this engagement.

**Statement of Connections**

11. In connection with its retention by the Debtor, BST researched its client database to determine whether it had any relationships with the entities identified in the creditor matrix filed by the Debtor (the "Potential Parties in Interest"). To the best of my knowledge, information and belief BST does not currently represent, and has not represented, any of the Potential Parties in Interest, except that BST is currently assisting the law firm of Cullen & Dykman by performing forensic accounting services in an unrelated PPP loan fraud case.

12. Except as may be otherwise set forth herein, to the best of my knowledge, BST, its principals and professionals: (i) do not have any connection with the Debtor or its affiliates, creditors, or any other Potential Parties in Interest; (ii) are "disinterested persons" under section 101(14) of the Bankruptcy Code; and (iii) do not hold or represent any interest adverse to the Debtor's estate. BST does not and has not represented any entity, other than the Receiver, in matters related to the Chapter 11 Case.

13. Furthermore, except as may be otherwise set forth herein, based on the results of BST's conflicts search conducted to date, and to the best of my knowledge, neither BST, nor any employee thereof, has any connection with the Debtor, its creditors, equity holders, or any other parties in interest (as reasonably known by BST) or their respective attorneys and accountants, or the United States Trustee or any person employed in the office of the United States Trustee.

14. The Debtor has numerous creditors and relationships with various individuals and entities that may be parties in interest in this case. Consequently, although every reasonable

4

effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, BST is unable to state with certainty whether one of its clients or an affiliated entity holds a claim or otherwise is a party in interest in the Chapter 11 Case. If BST discovers any information that is contrary to or pertinent to the statements made herein, BST will disclose such information to the Court on notice to creditors and the United States Trustee promptly. BST does not advise, has not advised, and will not advise any entity, other than the Debtor, in matters related to the Chapter 11 Case.

15. To the best of my knowledge, I know of no fact or situation that would represent a conflict of interest for BST with regard to the proposed retention.

16. In light of the foregoing, I believe that BST (i) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and (ii) does not hold or represent an interest adverse to the Debtor's estate.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2024

                                              /s/ Sareena Sawhney
                                        Sareena Sawhney, MBA, CFE, MAFF, CAMS