# **Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 24-10531 (REL) |
| PRIME CAPITAL VENTURES, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**ORDER AUTHORIZING THE
ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF
DOCUMENTS AND DEPOSITION TESTIMONY PURSUANT TO
<u>RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

Upon the application (the "<u>Application</u>") of Paul A. Levine, Esq., Permanent Receiver (the "<u>Receiver</u>") for Prime Capital Ventures LLC (the "<u>Debtor</u>"), by and through the Debtor's proposed counsel, seeking the entry of an order pursuant to section 105(a) of Title 11, United States Code (the "<u>Bankruptcy Code</u>") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the Debtor to issue subpoenas directing the production and turnover of all books, records, and documents, whether in paper or electronic

17813027.4 6/5/2024

format, including, without limitation, all communications, emails, text messages, computers (desktop and laptop), account statements, hard drives, computer servers, back-up tapes, and electronically stored documents related to the Debtor, the Debtor's affiliates, and/or property of the Debtor, concerning or otherwise evidencing the Debtor's assets and financial affairs (collectively, the "Books and Records")[4] and the examination of various persons and entities, to obtain information concerning acts, conduct, property, and liabilities of the Debtor, and other matters relating to the extent and nature of the Debtor's prepetition business practices; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate; and the legal and factual bases set forth in the Application having established just cause for the relief granted herein; and the Court having also found that: (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth in the Application. Now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 2004, the Debtor is authorized to issue subpoenas pursuant to Bankruptcy Rule 2004 for the production of the Books and Records.

---

[4] The foregoing description of the Books and Records is not intended to be limiting and includes all books, records, correspondence, and other information and documents concerning the Debtor's financial affairs and estate.

3. The Debtor is permitted to obtain deposition testimony consistent with Bankruptcy Rule 9016 concerning any asset, liability, duty, obligation, contract, transaction, transfer, or other issue related in any way to the Debtor and its financial affairs.

4. The Debtor shall serve a copy of this Order with any subpoena that it serves pursuant to this Order.

5. Subpoenas authorized by this Order may be served by the Debtor by FedEx, other nationally recognized overnight carrier, or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed parties.

6. On or before the response deadline provided in the Debtor's subpoena, the responding party shall provide: (i) written responses to each of the requests contained in the subpoena; and (ii) a written declaration pursuant to 28 U.S.C. § 1746, attesting under the penalty of perjury that: (a) none of the Books and Records have been altered, modified, deleted, or otherwise destroyed; and (b) the responding party has made a diligent search and effort to locate and produce the documents and information requested by the subpoena and that the written response as to each individual request contained in the subpoena is true and complete to the best of the responding party's knowledge and belief.

7. If any person or entity which receives a subpoena for the production of documents pursuant to this Order withholds any item on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to the Bond Schoeneck & King, PLLC, by e-mail to Stephen A. Donato, Esq. (sdonato@bsk.com), Justin S. Krell, Esq. (jkrell@bsk.com), and Andrew Rivera, Esq. (arivera@bsk.com), so as to be received with or before the information production required by the subpoena, or at such time as mutually agreed to by the Debtor and the subpoenaed entity or person.

8. If any person or entity which receives a subpoena pursuant to this Order for the production of documents and/or to provide deposition testimony objects to the scope or issuance of the subpoena, such subpoenaed party shall, by no later than the response deadline set forth in the subpoena, provide the Receiver, the Debtor, and the Debtor's proposed counsel with a written statement setting forth such objection and the basis thereto (the "Objection"). If within fifteen (15) days of receipt of the Objection the parties cannot consensually resolve the Objection without the need for Court intervention, the objecting party shall file a letter brief (the "Objecting Letter Brief") with this Court, not to exceed five (5) pages, single spaced, setting forth the Objection. The Debtor shall have seven (7) days from the filing of the Objecting Letter Brief to file a responsive letter brief, which shall not exceed five (5) pages, single spaced. Copies of such letter briefs shall also be sent to this Court's Chambers by e-mail to NYNBCRDALB@nynb.uscourts.gov. Thereafter, if this Court so directs, a hearing will be held before the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge for the Northern District of New York, on a date to be scheduled by this Court, and upon such additional notice as this Court may direct.

9. Entry of this Order is without prejudice to the rights of the Debtor or any other party to apply for any other or further relief, including but not limited to further relief under Bankruptcy Rule 2004.

10. This Court retains jurisdiction to resolve all matters arising under or related to this Order, to interpret, implement, and enforce the provisions of this Order.

11. The Debtor is hereby authorized and approved to do such things, execute such documents, and expend such funds as may be necessary and consistent with this Order.