UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

PRIME CAPITAL VENTURES, LLC,

Debtor.

Chapter 11
Case No. 24-10531

**COMPASS-CHARLOTTE 1031, LLC'S OPPOSITION TO MOTION TO DISMISS**

Creditor and party in interest Compass-Charlotte 1031, LLC ("Compass-Charlotte") hereby opposes the Motion to Dismiss (ECF No. 57, the "Motion") filed by B & R Acquisitions Partners, LLC and JHM Lending Ventures, LLC (the "Movants").

The Movants hold a preferential Judgment Lien[1] on a multimillion-dollar beach home in Virginia Beach owned by Prime Capital Ventures, LLC ("Prime"), which is subject to avoidance in this bankruptcy case. They argue that this case should be dismissed because Prime's Receiver lacked the authority to file a voluntary bankruptcy petition on behalf of Prime. In so doing, the Movants disregard the broad language of the District Court's order appointing the Receiver which clearly empowered the Receiver to commence this case. Moreover, the Chapter 7 Trustee appointed in the Kris Roglieri bankruptcy case (Case No. 24-10157) has ratified the Receiver's filing of the petition on behalf of Prime in this case.

**I.    The Receiver Properly Commenced this Bankruptcy Case**

The Movants' entire argument as to why the Receiver lacked authority to file this case rests on the difference between two orders by the District Court. The original order (described in the Motion as the "Interim Order") appointed the Receiver on a temporary basis while the subsequent order (described in the Motion as the "Order") made the appointment permanent. The Movants

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

claim that the absence of specific language in the Order that was included in the Interim Order serves as a clear indication that Judge D'Agostino intended to limit the Receiver's powers. The Movants argue that the absence of this language means the Receiver lacked the authority or ability to file this case because he had "limited authority and no control over litigation or the 'power of management' of the Debtor." Motion at 3.

However, the Movants misconstrue the Order's plain and extremely broad language which clearly granted the Receiver the requisite authority to commence this case. The Order provides, among other things, that:

> 1. The Receiver shall have and retain and is hereby granted exclusive dominion and control over all of the assets, books and records, operations and business affairs of Defendants.
>
> 2. The Receiver's authority hereunder shall be, and hereby is, vested in and extended to all of Defendants' real property, equitable property, tangible and intangible personal property, interest, or assets of any nature, wherever located.

The Receiver's powers set forth above are worded in the broadest possible terms. As a result, redundant language which was omitted in the Order does not serve to limit the Receiver's powers. For example, the Movants make much to do about the fact that the Order – as compared to the Interim Order – does not state that the Receiver has authority as to "all claims, demands, or causes of action of any kind, character or description . . . ." Motion at 3. Yet, the Receiver's authority as to "all claims, demands, or causes of action of any kind, character or description" is already provided for by paragraphs 1 and 2 of the Order because those items are "assets", "intangible personal property", "interests", and/or "assets of any nature."

Moreover, any possible doubt about the language of the District Court's Order was resolved in the District Court's March 19, 2024 order in which the District Court confirmed that the Receiver "retains exclusive control over the business at this time" and that the Receiver "has

control" over Prime. *District Court Lawsuit,* Doc. 160 at 51, 58. In that same order, the District Court allowed the Receiver to proceed with causes of action against Third Party Defendants, thus further demonstrating that the Receiver had the right to file lawsuits and proceedings on behalf of Prime.

For these reasons, the Court should reject the Movants' construction of the District Court's Orders and deny the Motion.

### II.     Roglieri's Chapter 7 Trustee Ratified the Filing

Moreover, regardless of the Movants' arguments about the breadth of the Orders, Christian Dribusch, Esq., the Chapter 7 Trustee of Kris Roglieri's bankruptcy estate (the "Trustee"), has since ratified the Receiver's commencement of this case. Specifically, on July 9, 2024, the Trustee filed a Statement of Ratification of the Prime Capital Ventures, LLC Bankruptcy Filing. ECF No. 66.

As Trustee of Mr. Roglieri's personal bankruptcy case, Mr. Dribusch is the only party other than the Receiver with authority over Prime and his ratification of the filing cures any deficiency that might have existed. *See In re Martin-Trigona*, 760 F.2d 1334, 1341 (2d Cir. 1985) ("If a corporation acquires or is charged with knowledge of an unauthorized act undertaken by someone on its behalf, and does not repudiate that act within a reasonable time, but instead acquiesces in it, the corporation is bound by the act."); *Hager v. Gibson*, 108 F.3d 35, 39-41 (4th Cir. 1997) (holding that bankruptcy petition was ratified by ensuing conduct); *In re Scotto*, 2010 Bankr. LEXIS 1370, at *35-37 (Bankr. E.D.N.Y. 2010).

Based on the foregoing, the Motion should be denied in its entirety.

**Dated:** Albany, New York
July 10, 2024

**NOLAN HELLER KAUFFMAN LLP**

By: /s/ Justin A. Heller
Justin A. Heller, Esq.
Matthew M. Zapala, Esq.
80 North Pearl Street, 11th Floor
Albany, New York 12207
(518) 449-3300

*Attorneys for Compass-Charlotte 1031, LLC*

**PARKER, POE, ADAMS & BERNSTEIN LLP**

William L. Esser, IV (*pro hac vice*)
620 South Tyron St., Suite 800
Charlotte, NC 28202
T: 704-335-9507
F: 704-334-4706
E: willesser@parkerpoe.com

*Attorneys for Compass-Charlotte 1031, LLC*